1  MIRIAM LÓPEZ (SBN 131560)
   mlopez@bushgottlieb.com
2  MELVIN YEE (SBN 241569)
   myee@bushgottlieb.com
3  BUSH GOTTLIEB SINGER LÓPEZ
   KOHANSKI ADELSTEIN & DICKINSON
4  A Law Corporation
   500 North Central Avenue, Suite 800
5  Glendale, California 91203-3345
   Telephone: (818) 973-3200
6  Facsimile: (818) 973-3201

7  Attorneys for Plaintiffs
   TRUSTEES OF THE DIRECTORS GUILD OF
8  AMERICA - PRODUCER PENSION PLANS and
   TRUSTEES OF THE DIRECTORS GUILD OF
9  AMERICA-PRODUCER HEALTH PLAN

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12

13  TRUSTEES OF THE DIRECTORS        CASE NO. CV10 9415 MMM (MANx)
    GUILD OF AMERICA-PRODUCER
14  PENSION PLANS and TRUSTEES OF    COMPLAINT TO COMPEL AUDIT
    THE DIRECTORS GUILD OF           AND RECOVER DELINQUENT
15  AMERICA-PRODUCER HEALTH          CONTRIBUTIONS UNDER THE
    PLAN,                            EMPLOYEE RETIREMENT
16                                   INCOME SECURITY ACT OF 1974
            Plaintiffs,              AND FOR BREACH OF
17                                   COLLECTIVE BARGAINING
        vs.                          AGREEMENT
18
    GOLD CIRCLE FILMS, a California  [29 U.S.C. §185(a) and §1132(e)(1)]
19  limited liability company,

20          Defendant.

21

22       Plaintiffs Trustees of the Directors Guild of America - Producer Pension

23  Plans and Trustees of the Directors Guild of America-Producer Health Plan ("Plan

24  Trustees") complain and allege:

25  / / /

26  / / /

27

28

235347.1 12000-20032                    1
    COMPLAINT TO COMPEL AUDIT AND RECOVER DELINQUENT CONTRIBUTIONS ...

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, §502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(a)(3), §1132(e)(1)] and §301 of the Labor-Management Relations Act ("LMRA") [29 U.S.C. §185(a)]. This is an action by the Plan Trustees for breach of a collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting commerce and to enforce §515 of ERISA [29 U.S.C. §1145] as amended by §306(a) of the Multi-Employer Pension Plan Amendments Act of 1980, P.L. 96-364.

2. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in § 502(f) of ERISA [29 U.S.C. § 1132(f)] and § 301(a) of the LMRA [29 U.S.C. § 185(a)].

3. Venue is based on the location of the office in which the Plan Trustees administer the Directors Guild of America - Producer Pension Plans and the Directors Guild of America-Producer Health Plan ("Plans") which is located in the Central District of California. As such, venue is appropriate under §502(e)(2) of ERISA [29 U.S.C. §1132(e)(2)] and under §301 of the LMRA [29 U.S.C. §185(a)].

## PARTIES

4. The Plan Trustees administer the trust assets of the Plans which are "employee welfare benefit plans" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(37)(A) in that they were created pursuant to written trust declarations ("Trust Agreements") between the Directors Guild of America, Inc. ("DGA") and motion picture and television employers, and are maintained for the purpose of providing their participants with medical, surgical and hospital benefits in the event of sickness, accident, disability or death, and retirement benefits. The Plans were created and exist under §302(c) of the LMRA. Plan Trustees are fiduciaries under ERISA and have an obligation to protect the Plans' assets including, ensuring that

employers are properly remitting pension and health contributions to the Plans as required under the Basic Agreement and Trust Agreements. Under the Trust Agreements, the Plan Trustees have control and authority over the Plans, including the authority to file actions to protect the Plans' trust assets such as the present case.

5. The Plans are "multi-employer plans" within the meaning of §3(37)(A) of ERISA and 29 U.S.C. §1002(37)(A) in that more than one employer is required to contribute to the Plans and the Plans are maintained under collective bargaining agreements between DGA and motion picture and television employers.

6. DGA is a labor organization representing employees in the motion picture and television business, an industry affecting commerce within the meaning of §302 of the LMRA.

7. Defendant Gold Circle Films, LLC ("GCF"), at all times relevant herein, is a limited liability company organized and existing under the laws of the State of California with its principal place of business in the State of California, and an "employer" within the meaning of §3(5) of ERISA [29 U.S.C. §1002(5)] and §501(1) of the LMRA [29 U.S.C. §142]. As such, GCF is also an employer as that term is used in §301(a) of the LMRA [29 U.S.C. §185(a)].

8. GCF, like many employers in the film business, produces projects through separate production entities which GCF creates and controls, and causes to become a signatory to written multi-employer collective bargaining agreements between the DGA and motion picture and television producers known as the DGA Basic Agreement, the Freelance Live and Tape Television Agreement, and the Low Budget Side Letter between the Independent Producers Association and DGA (collectively, the "Basic Agreement"). The Plans' Auditors received no response to their April 8, 2010 written request for a master title list of DGA-covered titles. The same request was resubmitted to GCF in or about June 2010.

9. In or about October 2010, a list of titles indentifying ten motion pictures covered by the Basic Agreement (the "Selected DGA Titles") was provided

to GCF to facilitate commencement of the Audit. In addition to producing some of the Selected DGA Titles through Production Affiliates, GCF also expressly guaranteed the Production Affiliates' performance of all obligations under the Basic Agreement and Trust Agreement by executing Guaranty Agreements for each one. GCF, together with its affiliated production entities ("Production Affiliates") are collectively referred to in this Complaint as GCF.

10. Plan Trustees are informed and believe, and on that basis allege that at all times relevant herein, GCF has guaranteed performance of its obligations under the Basic Agreement.

11. Under the terms of various written agreements between Production Affiliates and DGA, GCF, among other things, agreed to be bound by and guarantee all obligations of the Production Affiliates under the applicable Basic Agreements. Production Affiliates also signed a written agreement whereby they agreed to accept issuance of, and be bound by, the Trust Agreements. At all times relevant herein, Production Affiliates were and are responsible for the performance of all obligations under the terms of the Basic Agreement including, without limitation, payment of pension and health contributions payable on initial compensation due to DGA-covered employees hired by Production Affiliates to perform DGA-covered services, payment of additional compensation due to DGA-represented employees known as "residuals" which become payable when a DGA-covered project is exploited in supplemental markets, including, without limitation, free television, pay television and the videodisk/video cassette market ("Supplemental Markets").

12. Plan Trustees are informed and believe, and on that basis allege that GCF has produced numerous projects covered under the terms of the Basic Agreement (collectively, "Projects") and hired DGA-represented employees to perform DGA-covered work on such Projects. Under the Basic Agreement and Trust Agreements, the Plans are entitled to receive a portion of the Residuals as payment for additional pension and health contributions that become due arising

235347.1 12000-20032

4

COMPLAINT TO COMPEL AUDIT AND RECOVER DELINQUENT CONTRIBUTIONS...

1 from the distribution of the Projects in Supplemental Markets (collectively, "Contributions"). GCF is obliged to make Contributions to the Plans with respect to the Projects.

13. Under the Basic Agreement and Trust Agreements, Plan Trustees may audit or cause the audit or inspection of GCF's pertinent records to assess whether GCF is in compliance with the obligation to remit Contributions to the Plans with respect to the Projects.

14. Under the Trust Agreements, GCF agreed that if delinquent in remitting pension and health contributions to the Plans, it would pay all legal and auditing costs the Plan Trustees incurred in connection with the delinquency, including interest penalties or liquidated damages whether before or after litigation is commenced. GCF further agreed that if litigation is required to compel such an audit, GCF shall bear the costs of such litigation, including reimbursing the Plan Trustees for reasonable attorneys' fees and costs incurred in collecting delinquent pension and health contributions.

## FIRST CAUSE OF ACTION

(Breach of Collective Bargaining Agreements and

Trust Agreements – Failure to Comply with Audit Obligations)

15. Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 14 above, inclusive.

16. Under the Basic Agreement and Trust Agreements, Plan Trustees are empowered to audit the books and records of employers bound to the Basic Agreement for the purpose of determining that employers are fully and timely complying with their obligation to pay pension and health contributions owed to the Plans.

17. As the producer of the Selected Titles, and the guarantor of all of the Production Affiliate's obligations under the Basic Agreement and Trust Agreements, GCF is obligated to open its books and records relating to the gross

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

receipts generated by the Projects, including, without limitation, the Selected Titles. GCF is further obligated to pay pension and health contributions due and owing to the Plans with respect to the Projects.

18. On or about January 6, 2010, Plan Trustees announced an audit of Defendants' books and records for the period of January 1, 2006 to December 31 2009. The foregoing audit shall be referred to as the "Audit," and the period of the Audit as the "Audit Period."

19. From April 8, 2010 until the present, Plan Trustees, by and through their auditors (the "Plan Auditors"), made several demands for the production of Defendants' books and records necessary to conduct the Audit. Defendants have failed to produce such records thereby impeding commencement of the Audit.

20. On or about March 1, 2010, Plan Trustees engaged the services of Bush Gottlieb Singer López Kohanski Adelstein & Dickinson to assist the Plans in compelling Defendants' compliance with their audit obligations under the Basic Agreement and Trust Agreements.

21. In an e-mail dated on or about November 18, 2010, the undersigned advised counsel for GCF of Defendants' obligation to cooperate with the Audit and demanded prompt access to Defendants' books and records, noting GCF's failure to provide a single document responsive to the Plan Auditor's request for information dated April 8, 2010.

22. The undersigned counsel made another demand on Defendants to comply with the Audit by e-mail dated November 24, 2010.

23. Over a year has passed since the Audit was announced by Plan Trustees. To date, Defendants have refused, and continue their refusal, to cooperate with the Audit thereby breaching their obligations under the Basic Agreement, the Trust Agreements, and §502(g)(2)(E) of ERISA [29 U.S.C. §1132(g)(2)(E)].

24. As a result of GCF's failure to permit the Plans access to GCF's books and records, the Plan Trustees are unable to verify that GCF has made accurate

pension and health contributions to the Plans owed as a result of GCF's exploitation of the Projects.

25. The Plan Trustees engaged the law firm of Bush Gottlieb Singer López Kohanski Adelstein & Dickinson for the purpose of collecting all amounts due to the Plans and to compel Defendants' cooperation with the Plan Auditors. Under the Basic Agreement and the Trust Agreements, the Plan Trustees are entitled to their reasonable attorneys' fees and costs incurred in connection with litigation brought to compel an employer's cooperation with an audit authorized by Plan Trustees. These amounts will be established by proof at trial.

## SECOND CAUSE OF ACTION

(Breach of Basic Agreement and Trust Agreements –

Recovery of Unpaid Contributions)

26. Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 25 above, inclusive.

27. ERISA §515, 29 U.S.C. §1145 requires GCF to remit Contributions to the Plans as required under the Basic Agreement and Trust Agreements. Under the Trust Agreements, Plan Trustees are entitled to enforce GCF's obligation to make Contributions owed to the Plans.

28. Plan Trustees are informed and believe, and on that basis allege that GCF has failed to comply with its obligation to remit all Contributions that became due and owing during the Audit Period in violation of ERISA §515, 29 U.S.C. §1145, the Basic Agreement and the Trust Agreements.

29. Under §502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], in any action under this section by a fiduciary for or on behalf of a plan to enforce §515 of ERISA, in which a court finds in favor of the plan, the court shall award (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of a) interest on the unpaid contributions, or b) liquidated damages provided for under the plan in an amount not in excess of twenty percent (20%) (or

such higher percentage as may be permitted under Federal or State law) of the amount determined to be due. Interest on unpaid contributions shall be determined by using the rate provided under the plan, or if none, the rate prescribed under §6621 of the Internal Revenue Code [26 U.S.C. §6621]. The amount due in Contributions, interest and liquidated damages cannot be determined at this time due to GCF's failure to permit Plan Auditors access to its books and records. This amount will be established by proof at trial.

WHEREFORE, Plan Trustees pray for judgment against Defendant as follows:

(1) a Court order requiring Defendant and its officers, employees, and agents to submit to the Audit and produce all books and records requested by Plaintiffs within seven (7) days of the entry of an order by this Court;

(2) for Contributions due to Plaintiffs in the amount to be determined at trial;

(3) for liquidated damages in an amount to be determined at trial;

(4) for unpaid audit fees in an amount to be determined at trial;

(5) for interest on unpaid Contributions in an amount to be determined at trial;

///
///
///

(6) for reasonable attorneys' fees and audit costs incurred by Plaintiffs in an amount to be determined at trial;

(7) for costs of suit incurred herein; and

(8) for additional relief as this Court deems just and proper.

DATED: December 8, 2010

BUSH GOTTLIEB SINGER LÓPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation

By: /s/ Miriam López
MIRIAM LÓPEZ
Attorneys for Plaintiffs
PLAN TRUSTEES OF THE DIRECTORS
GUILD OF AMERICA - PRODUCER
PENSION PLANS and PLAN TRUSTEES OF
THE DIRECTORS GUILD OF AMERICA-
PRODUCER HEALTH PLAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

```
CV10- 9415 MMM (MANx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TRUSTEES OF THE DIRECTORS GUILD OF AMERICA-PRODUCER PENSION PLANS AND TRUSTEES OF THE DIRECTORS GUILD OF AMERICA-PRODUCER HEALTH PLAN

**DEFENDANTS**
GOLD CIRCLE FILMS, LLC, a California limited liability company

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Miriam López, S/B 131560 - mlopez@bushgottlieb.com
Bush Gottlieb Singer Lopez Kohanski Adelstein & Dickinson
500 N. Central Ave., Ste. 800
Glendale, CA 91203
(818) 973-3200 (phone) / (818) 973-3201 (fax)

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C, §§1132(e), 185(a) and 1145. Compel an audit and recover delinquent contributions.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☒ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV10 9415

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)     CIVIL COVER SHEET     American LegalNet, Inc. www.FormsWorkflow.com     Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Miriam Lopez_ Date December 8, 2010
MIRIAM LOPEZ

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Miriam Lopez S/B 131560 - mlopez@bushgottlieb.com
MELVIN YEE S/B 241569 – myee@bushgottlieb.com
Bush Gottlieb Singer Lopez Kohanski Adelstein & Dickinson
500 N. Central Ave., Ste. 800
Glendale, CA  91203
(818) 973-3200 (phone) / (818) 973-3201 (fax)
mlopez@bushgottlieb.com
Plaintiffs TRUSTEES OF THE DIRECTORS GUILD OF AMERICA-PRODUCER PENSION PLANS AND TRUSTEES OF THE DIRECTORS GUILD OF AMERICA-PRODUCER HEALTH PLAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE DIRECTORS GUILD OF AMERICA-PRODUCER PENSION PLANS AND TRUSTEES OF THE DIRECTORS GUILD OF AMERICA-PRODUCER HEALTH PLAN<br><br>PLAINTIFF(S)<br><br>V.<br><br>GOLD CIRCLE FILMS, LLC, a California limited liability company,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 9415 MMM (MANx)<br><br>SUMMONS |

TO:DEFENDANT(S): <u>GOLD CIRCLE FILMS, LLC</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  DEC - 8 2010

By: CHRISTOPHER POWERS
    Deputy Clerk

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*